UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| Wilmington Savings Fund Society, FSB, as Owner Trustee of Residential Credit Opportunities Trust V-B,<br><br>Plaintiff,<br><br>v.<br><br>Rolph Douglas Carey a/k/a Rolph Doug Carey<br><br>Defendant,<br><br>Bar Harbor Bank & Trust<br><br>Party-In-Interest. | CIVIL ACTION NO. 1:19-CV-0485-JDL |

**PARTY-IN-INTEREST BAR HARBOR BANK & TRUST'S ANSWER TO COMPLAINT
AND AFFIRMATIVE DEFENSES**

Party-In-Interest Bar Harbor Bank & Trust ("Bar Harbor"), by and through undersigned counsel, answers Plaintiff Wilmington Savings Fund Society, FSB, as Owner Trustee of Residential Credit Opportunities Trust V-B's Complaint ("Complaint") and asserts affirmative defenses as follows:

**Jurisdiction and Venue[1]**

1. Paragraph 1 of the Complaint sets forth jurisdictional statements and conclusions of law to which no answer is required. To the extent a response is required, Bar Harbor admits that this Court has jurisdiction under 28 U.S.C. §1332.

2. Paragraph 2 of the Complaint sets forth jurisdictional statements and conclusions of law to which no answer is required. To the extent a response is required, Bar Harbor admits that this Court has jurisdiction under 28 U.S.C. §1332.

---

[1] The headings used in the Complaint are copied herein for ease of reference. They require no response. To the extent a response to the headings may be deemed to be required, Bar Harbor denies the allegations.

1

14943342.2

3. Paragraph 3 of the Complaint sets forth statements of venue and conclusions of law to which no answer is required. To the extent a response is required, Bar Harbor admits that venue is proper pursuant to 28 U.S.C. §1391.

## Parties

4. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.

5. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5.

6. Admitted.

## Facts

7. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7.

8. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8.

9. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9.

10. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10.

11. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11.

12. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12.

14943342.2

13. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13.

14. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14.

15. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15.

16. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16.

17. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17.

18. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18.

19. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19.

20. Bar Harbor admits the allegations in Paragraph 20. By way of further response, on November 16, 2009, Defendant Rolph Douglas Carey executed a home equity line of credit promissory note in favor of Bar Harbor. To secure the promissory note, Defendant Rolph Douglas Carey executed a mortgage in favor of Bar Harbor (the "BHBT Mortgage") which is recorded in the Hancock County Registry of Deeds in Book 5325, Page 184. Bar Harbor asserts all of its rights and privileges arising out of the promissory note and the BHBT Mortgage and under Maine Law.

21. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21.

22. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22.

## **Count I – Foreclosure**

23. Bar Harbor repeats and incorporates its responses above as if fully set forth herein.

24. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24.

25. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25.

26. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26.

27. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27.

28. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 28.

29. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29.

30. Paragraph 30 contains a request for relief to which no response is necessary.

31. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31.

32. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 32.

14943342.2

### Count II - Breach of Note

33. Bar Harbor repeats and incorporates its responses above as if fully set forth herein.

34. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 34.

35. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35.

36. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 36.

37. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 37.

38. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 38.

39. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 39.

40. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 40.

41. Paragraph 41 contains a legal conclusion to which no response is necessary.

### Count III – Breach of Contract, Money Had and Received

42. Bar Harbor repeats and incorporates its responses above as if fully set forth herein.

43. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 43.

44. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 44.

45. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 45.

46. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 46.

47. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 47.

48. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 48.

49. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 49.

50. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 50.

51. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 51.

52. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 52.

53. Paragraph 53 contains a legal conclusion to which no response is necessary.

### **Count IV- Quantum Meruit**

54. Bar Harbor repeats and incorporates its responses above as if fully set forth herein.

14943342.2

55. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 55.

56. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 56.

57. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 57.

58. Paragraph 58 contains a legal conclusion to which no response is necessary.

### Count V – Unjust Enrichment

59. Bar Harbor repeats and incorporates its responses above as if fully set forth herein.

60. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 60.

61. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 61.

62. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 62.

63. Paragraph 63 contains a request for relief to which no response is necessary.

WHEREFORE, Bar Harbor respectfully requests that any judgment entered in this matter not prejudice or have any adverse effect on Bar Harbor's rights arising out of or related to the promissory note and BHBT Mortgage referenced in Paragraph 20 herein and that this Court award Bar Harbor such other and further relief as may be just and appropriate as permitted by law and equity.

14943342.2

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's Complaint is barred as the Plaintiff lacks standing to bring the action.

3. Plaintiff has failed to strictly comply with Maine law to obtain a judgment of foreclosure and order of sale, including but not limited to 14 M.R.S. §§ 6111, 6321.

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.


Dated:  November 14, 2019                    Respectfully submitted,

   /s/ Bodie B. Colwell
   Bodie B. Colwell, Esq. Bar No. 4853
   Adam J. Shub, Esq. Bar No. 4708
   *Attorneys for Party-In-Interest*
   Bar Harbor Bank & Trust

PRETI FLAHERTY, LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3000
bcolwell@preti.com
ashub@preti.com

14943342.2

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 14, 2019 I caused to be mailed by United States Postal Service, the foregoing document to the following non-registered participants:

    Rolph Douglas Carey a/k/a Rolph Doug Carey
    3 Toddy Pong Road
    Surrey, ME 04684

    Rolph Douglas Carey a/k/a Rolph Doug Carey
    PO Box 143
    Kingfield, ME 04947

                                      Respectfully submitted,

                                      /s/ Bodie B. Colwell
                                      Bodie B. Colwell, Esq. Bar No. 4853
                                      *Attorney for Party-In-Interest*
                                      Bar Harbor Bank & Trust

PRETI FLAHERTY, LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3000
bcolwell@preti.com