# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B** | CIVIL ACTION NO: 1:19-cv-00485-JDL |
| **Plaintiff** | **AMENDED COMPLAINT** |
| vs. | |
| **Rolph Douglas Carey a/k/a Rolph Doug Carey** | RE: 3 Toddy Pond Road, Surry, ME 04684 |
| **Defendant** | |
| **Bar Harbor Bank & Trust** | Mortgage: April 9, 2007 |
| **Party-In-Interest** | Book 4737, Page 14 |

NOW COMES the Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by

Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, in which the Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, is the obligor and the total amount owed under the terms of the Note is One Hundred Fourteen Thousand Ninety Six and 04/100 ($114,096.04) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B is a corporation with its principal place of business located at 500 Delaware Avenue, 11th Floor, Wilmington, DE 19801.

5. The Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, is a resident of Surry, County of Hancock and State of Maine.

6. The Party-in-Interest, Bar Harbor Bank & Trust, is located at 82 Main Street, Bar Harbor, ME 04609.

# FACTS

7. On October 31, 2002, by virtue of a Warranty Deed from Claudia Lynn Bonsey, which is recorded in the Hancock County Registry of Deeds in **Book 3584, Page 214**, the property situated at 3 Toddy Pond Road, County of Hancock, and State of Maine, was conveyed to the Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).[1]

8. On April 9, 2007, the Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, executed and delivered to The First, N.A. a certain Note in the amount of $80,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on April 9, 2007, the Defendant executed a Mortgage Deed in favor of The First, N.A., securing the property located at 3 Toddy Pond Road, Surry, ME 04684 which Mortgage Deed is recorded in the Hancock County Registry of Deeds in **Book 4737, Page 14**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Sun Trust Mortgage, Inc. by virtue of an Assignment of Mortgage dated April 9, 2007 and recorded in the Hancock County Registry of Deeds in **Book 4737**, **Page 32**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated February 25, 2014 and recorded in the Hancock County Registry of Deeds in **Book 6185**, **Page 183**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

---

[1] Exhibits A-I referenced herein were previously filed on October 23, 2019; please refer to Docket ID #1.

12. The Mortgage was then assigned to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust by virtue of an Assignment of Mortgage dated April 12, 2018 and recorded in the Hancock County Registry of Deeds in **Book 6885**, **Page 502**.  *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B by virtue of an Assignment of Mortgage dated October 19, 2018 and recorded in the Hancock County Registry of Deeds in **Book 6932**, **Page 921**.  *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. On August 14, 2019, the Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter").  *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

15. The Demand Letter informed the Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit H.

16. The Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, failed to cure the default prior to the expiration of the Demand Letter.

17. The Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

18. The Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, is the lawful holder and owner of the Note and Mortgage.

19. The Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or the Note and Mortgage were strictly performed.

20. Bar Harbor Bank & Trust is a Party-in-Interest pursuant to a Mortgage in the amount of $40,000.00 dated November 16, 2009, and recorded in the Hancock County Registry of Deeds in **Book 5325**, **Page 184** and is in second position behind Plaintiff's Mortgage.

21. The total debt owed under the Note and Mortgage as of November 4, 2019 (assuming no payments are made) is One Hundred Fourteen Thousand Ninety Six and 04/100 ($114,096.04) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $72,719.15 |
| Interest | $27,307.56 |
| Other Payments | $1,083.72 |
| Unpaid Charges | $12,865.61 |
| Unpaid Loan Charges | $120.00 |
| Grand Total | $114,096.04 |

22. Upon information and belief, the Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

23. The Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, repeats and re-alleges paragraphs 1 through 22 as if fully set forth herein.

24. This is an action for foreclosure and sale in respect to a real estate related Mortgage and title located at 3 Toddy Pond Road, Surry, County of Hancock, and State of Maine. *See* Exhibit A.

25. The Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, has the right to foreclosure and sale upon the subject property.

26. The Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, is the current owner and investor of the aforesaid Mortgage and Note.

27. The Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, is presently in default on said Mortgage and Note, having failed to make the monthly payment due December 1, 2013, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

28. The total debt owed under the Note and Mortgage as of November 4, 2019 (assuming no payments are made) is One Hundred One Hundred Fourteen Thousand Ninety Six and 04/100 ($114.096.04) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $72,719.15 |
| Interest | $27,307.56 |
| Other Payments | $1,083.72 |
| Unpaid Charges | $12,865.61 |
| Unpaid Loan Charges | $120.00 |

    Grand Total $114,096.04

29. The record established through the Hancock County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

30. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands foreclosure and sale on said real estate.

31. Notice in conformity with 14 M.R.S.A. §6111 and/or the Note and Mortgage was sent to the Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, on August 14, 2019, evidenced by the Certificate of Mailing. *See* Exhibit H.

32. The Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, is not in the Military as evidenced by the attached Exhibit I.

## COUNT II – BREACH OF NOTE

33. The Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, repeats and re-alleges paragraphs 1 through 32 as if fully set forth herein.

34. On April 9, 2007, the Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, executed and delivered to The First, N.A. a certain Note in the amount of $80,000.00. *See* Exhibit B.

35. The Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, is in default for failure to properly tender the December 1, 2013 payment and all subsequent payments. *See* Exhibit H.

36. The Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey.

37. The Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

38. The Defendant Rolph Douglas Carey a/k/a Rolph Doug Carey's breach is knowing, willful, and continuing.

39. The Defendant Rolph Douglas Carey a/k/a Rolph Doug Carey's breach has caused Plaintiff Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

40. The total debt owed under the Note and Mortgage as of November 4, 2019, if no payments are made, is One Hundred Fourteen Thousand Ninety Six and 04/100 ($114,096.04) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $72,719.15 |
| Interest | $27,307.56 |
| Other Payments | $1,083.72 |
| Unpaid Charges | $12,865.61 |
| Unpaid Loan Charges | $120.00 |
| Grand Total | $114,096.04 |

41. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

42. The Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, repeats and re-alleges paragraphs 1 through 41 as if fully set forth herein.

43. By executing, under seal, and delivering the Note, the Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, entered into a written contract with The First, N.A. who agreed to loan the amount of $80,000.00 to the Defendant. *See* Exhibit B.

44. As part of this contract and transaction, the Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

45. The Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, is the proper holder of the Note and successor-in-interest to The First, N.A., and has performed its obligations under the Note and Mortgage.

46. The Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, breached the terms of the Note and Mortgage by failing to properly tender the December 1, 2013 payment and all subsequent payments. *See* Exhibit H.

47. The Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey.

48. The Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

49. The Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, is indebted to Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B in the sum of One Hundred Fourteen Thousand Ninety Six and 04/100 ($114,096.04) Dollars, for money lent by the Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, to the Defendant.

50. Defendant Rolph Douglas Carey a/k/a Rolph Doug Carey's breach is knowing, willful, and continuing.

51. Defendant Rolph Douglas Carey a/k/a Rolph Doug Carey's breach has caused Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

52. The total debt owed under the Note and Mortgage as of November 4, 2019, if no payments are made, is One Hundred Fourteen Thousand Ninety Six and 04/100 ($114,096.04) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $72,719.15 |
| Interest | $27,307.56 |
| Other Payments | $1,083.72 |
| Unpaid Charges | $12,865.61 |
| Unpaid Loan Charges | $120.00 |
| Grand Total | $114,096.04 |

53. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – *QUANTUM MERUIT*

54. The Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, repeats and re-alleges paragraphs 1 through 53 as if fully set forth herein.

55. The First, N.A., predecessor-in-interest to Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, loaned Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, $80,000.00. *See* Exhibit B.

56. The Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, is in default for failure to properly tender the December 1, 2013 payment and all subsequent payments. *See* Exhibit H.

57. As a result of the Defendant Rolph Douglas Carey a/k/a Rolph Doug Carey's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B.

58. As such, the Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

59. The Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

60. The First, N.A., predecessor-in-interest to Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, loaned the Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, $80,000.00. *See* Exhibit B.

61. The Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, has failed to repay the loan obligation.

62. As a result, the Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, has been unjustly enriched to the detriment of the Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B as successor-in-interest to The First, N.A. by having received the aforesaid benefits and money and not repaying said benefits and money.

63. As such, the Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, upon the expiration of the period of redemption;

c) Find that the Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, is in breach of the Note by failing to make payment due as of December 1, 2013, and all subsequent payments;

d) Find that the Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, is in breach of the Mortgage by failing to make payment due as of December 1, 2013, and all subsequent payments;

e) Find that the Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due December 1, 2013 and all subsequent payments;

g) Find that the Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, to restitution;

j) Find that the Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, is liable to the Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, for money had and received;

k) Find that the Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, is liable to the Plaintiff for *quantum meruit*;

l) Find that the Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, is entitled to restitution for this benefit from the Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Rolph Douglas Carey a/k/a Rolph Doug Carey, and in favor of the Plaintiff, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-B, in the amount of One Hundred Twelve Thousand Eight Hundred Eight and 30/100 ($112,808.30 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Wilmington Savings Fund Society, FSB, as
Owner Trustee of the Residential Credit
Opportunities Trust V-B,
By its attorneys,

Dated: December 15, 2020

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com