**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| Wilmington Savings Fund Society, FSB, as Owner Trustee of Residential Credit Opportunities Trust V-B<br><br>  Plaintiff,<br>v.<br><br>Rolph Douglas Carey a/k/a Rolph Doug Carey<br><br>  Defendant,<br><br>Bar Harbor Bank & Trust<br><br>  Party-In-Interest. | CIVIL ACTION NO. 1:19-CV-0485-JDL |

**PARTY-IN-INTEREST BAR HARBOR BANK & TRUST'S ANSWER TO**
**AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Party-In-Interest Bar Harbor Bank & Trust ("Bar Harbor"), by and through undersigned counsel, answers Plaintiff Wilmington Savings Fund Society, FSB, as Owner Trustee of Residential Credit Opportunities Trust V-B's Amended Complaint ("Amended Complaint") and asserts affirmative defenses as follows:

**Jurisdiction and Venue[1]**

1.  Paragraph 1 of the Amended Complaint sets forth jurisdictional statements and conclusions of law to which no answer is required. To the extent a response is required, Bar Harbor admits that this Court has jurisdiction under 28 U.S.C. §1332.

2.  Paragraph 2 of the Amended Complaint sets forth jurisdictional statements and conclusions of law to which no answer is required. To the extent a response is required, Bar Harbor admits that this Court has jurisdiction under 28 U.S.C. §1332.

---

[1] The headings used in the Amended Complaint are copied herein for ease of reference. They require no response. To the extent a response to the headings may be deemed to be required, Bar Harbor denies the allegations.

3. Paragraph 3 of the Amended Complaint sets forth statements of venue and conclusions of law to which no answer is required. To the extent a response is required, Bar Harbor admits that venue is proper pursuant to 28 U.S.C. §1391.

### Parties

4. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.

5. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5.

6. Admitted.

### Facts

7. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7.

8. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8.

9. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9.

10. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10.

11. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11.

12. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12.

13. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13.

14. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14.

15. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15.

16. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16.

17. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17.

18. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18.

19. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19.

20. Bar Harbor admits the allegations in Paragraph 20. By way of further response, on November 16, 2009, Defendant Rolph Douglas Carey executed a home equity line of credit promissory note in favor of Bar Harbor. To secure the promissory note, Defendant Rolph Douglas Carey executed a mortgage in favor of Bar Harbor (the "BHBT Mortgage") which is recorded in the Hancock County Registry of Deeds in Book 5325, Page 184. Bar Harbor asserts all of its rights and privileges arising out of the promissory note and the BHBT Mortgage and under Maine Law.

21. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21.

22. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22.

## Count I – Foreclosure and Sale

23. Bar Harbor repeats and incorporates its responses above as if fully set forth herein.

24. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24.

25. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25.

26. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26.

27. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27.

28. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 28.

29. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29.

30. Paragraph 30 contains a request for relief to which no response is necessary.

31. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31.

32. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 32.

17040169.1

33. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 33.

## Count II - Breach of Note

34. Bar Harbor repeats and incorporates its responses above as if fully set forth herein.

35. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35.

36. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 36.

37. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 37.

38. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 38.

39. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 39.

40. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 40.

41. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 41.

42. Paragraph 42 contains a legal conclusion to which no response is necessary.

43. Paragraph 43 contains no allegations.

### Count III – Breach of Contract, Money Had and Received

44. Bar Harbor repeats and incorporates its responses above as if fully set forth herein.

45. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 45.

46. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 46.

47. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 47.

48. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 48.

49. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 49.

50. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 50.

51. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 51.

52. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 52.

53. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 53.

54. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 54.

55. Paragraph 55 contains a legal conclusion to which no response is necessary.

56. Paragraph 56 contains no allegations.

### Count IV- Quantum Meruit

57. Bar Harbor repeats and incorporates its responses above as if fully set forth herein.

58. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 58.

59. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 59.

60. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 60.

61. Paragraph 61 contains a legal conclusion to which no response is necessary.

### Count V – Unjust Enrichment

62. Bar Harbor repeats and incorporates its responses above as if fully set forth herein.

63. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 63.

64. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 64.

65. Bar Harbor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 65.

66. Paragraph 66 contains a request for relief to which no response is necessary.

17040169.1

WHEREFORE, Bar Harbor respectfully requests that any judgment entered in this matter not prejudice or have any adverse effect on Bar Harbor's rights arising out of or related to the promissory note and BHBT Mortgage referenced in Paragraph 20 herein and that this Court award Bar Harbor such other and further relief as may be just and appropriate as permitted by law and equity.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's Amended Complaint is barred as the Plaintiff lacks standing to bring the action.

3. Plaintiff has failed to strictly comply with Maine law to obtain a judgment of foreclosure and order of sale, including but not limited to 14 M.R.S. §§ 6111, 6321.

Dated: January 29, 2021

Respectfully submitted,

/s/ Bodie B. Colwell
Bodie B. Colwell, Esq. Bar No. 4853
Adam J. Shub, Esq. Bar No. 4708
*Attorneys for Party-In-Interest*
Bar Harbor Bank & Trust

PRETI FLAHERTY, LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3000
bcolwell@preti.com
ashub@preti.com

17040169.1

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2021 I caused to be mailed by United States Postal Service, the foregoing document to the following non-registered participants:

Rolph Douglas Carey a/k/a Rolph Doug Carey
3 Toddy Pond Road
Surrey, ME 04684

Rolph Douglas Carey a/k/a Rolph Doug Carey
PO Box 143
Kingfield, ME 04947

                                            Respectfully submitted,

                                            /s/ Bodie B. Colwell
                                            Bodie B. Colwell, Esq. Bar No. 4853
                                            *Attorney for Party-In-Interest*
                                            Bar Harbor Bank & Trust

PRETI FLAHERTY, LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3000
bcolwell@preti.com

17040169.1